UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| KINDER MORGAN, INC. SAVINGS PLAN, KINDER MORGAN RETIREMENT PLAN A, and PLAN ADMINISTRATOR OF THE KINDER MORGAN, INC. 2021 AMENDED AND RESTATED STOCK INCENTIVE PLAN<br><br>*Plaintiffs,*<br><br>VS.<br><br>APRIL COLLINS, APRIL ROBERTSON, AMBER DELBOSQUE, and KAITLIN COLLINS<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § | CASE NUMBER: 4:26-cv-2434 |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR
INTERPLEADER AND DECLARATORY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 22, Plaintiffs Kinder Morgan, Inc. Savings Plan (the "*Savings Plan*"), Kinder Morgan Retirement Plan A (the "*Retirement Plan*"), and Plan Administrator of the Kinder Morgan, Inc. 2021 Amended and Restated Stock Incentive Plan (the "*Stock Incentive Plan*," and collectively with the Savings Plan and Retirement Plan, the "*Plaintiffs*" or the "*Plans*"), file this Original Complaint for Interpleader and Declaratory Judgment seeking to resolve the competing claims asserted by April Collins, April Robertson, Amber Delbosque, and Kaitlin Collins (collectively, the "*Defendants*") to the employee benefit funds held by Plaintiffs, and would respectfully show the Court the following:

**PARTIES**

1.      Kinder Morgan, Inc. Savings Plan is an employee benefit plan that provides retirement benefits to certain employees and former employees of Kinder Morgan, Inc. and its

affiliates. Kinder Morgan, Inc. Savings Plan is a legal entity with the capacity to sue pursuant to 29 U.S.C. § 1132(d)(1).

2. Kinder Morgan Retirement Plan A is an employee benefit plan that provides retirement benefits to certain employees and former employees of Kinder Morgan, Inc. and its affiliates. Kinder Morgan Retirement Plan A is a legal entity with the capacity to sue pursuant to 29 U.S.C. § 1132(d)(1).

3. The Plan Administrator of Kinder Morgan, Inc. 2021 Amended and Restated Stock Incentive Plan is the administrator of the Stock Incentive Plan, which is a long-term incentive plan that Marlin Collins participated in.

4. Upon information and belief, April Collins is an individual residing at 15955 Wood Grove Way, Willis, Texas 77378. Defendant April Collins was married to Marlin Collins. Marlin Collins was a participant in the Plans. Marlin Collins died on or about September 8, 2025. Defendant April Collins has made a claim to benefits attributable to Marlin Collins' status as a participant in the Plans. Such benefits are currently held by Plaintiffs as more particularly described below.

5. Upon information and belief, April Robertson is an individual residing at 12923 Basswood Smt Dr., Houston, Texas 77044. Upon information and belief, April Robertson is the daughter of Marlin Collins. She has made a claim on behalf of herself as well as her other siblings that are parties to this filing to the same benefits attributable to Marlin Collins' status as a participant in the Plans.

6. Upon information and belief, Amber Delbosque is an individual residing at 4331 Cetti Street, Houston, Texas 77009. Upon information and belief, Amber Delbosque is the daughter of Marlin Collins. She has made a claim on behalf of herself as well as her other siblings that are parties to this filing to the same benefits attributable to Marlin Collins' status as a

participant in the Plans.

7.      Upon information and belief, Kaitlin Collins is an individual residing at 212 S. Spotted Fern Dr., Montgomery, Texas 77316. Upon information and belief, Kaitlin Collins is the daughter of Marlin Collins. She has made a claim on behalf of herself as well as her other siblings that are parties to this filing to the same benefits attributable to Marlin Collins' status as a participant in the Plans.

8.      An application to determine heirship and administer the Estate of Marlin Collins has been filed with the Harris County Probate Court No. 4, Cause No. 539150, styled *In the Estate of Marlin Collins, Deceased* before the Honorable James Horwitz. The Estate is a potential claimant to the same benefits attributable to Marlin Collins' status as a participant in the Plans.

## JURISDICTION

9.      This is an action in the nature of an interpleader under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("*ERISA*") because both the Savings Plan and Retirement Plan are governed by ERISA. As such, this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331. In addition, Plaintiffs' claims are authorized by 29 U.S.C. § 1132(a)(3)(B), which allows ERISA plan fiduciaries to bring civil actions for appropriate equitable relief, and 29 U.S.C. § 1132(e)(1) provides for federal jurisdiction over such actions.

10.     Because it has original jurisdiction over the portions of this matter related to the Savings Plan and Retirement Plan, the Court may exercise supplemental jurisdiction over the portions of this matter related to the Stock Incentive Plan pursuant to 28 U.S.C. § 1367, because those claims are part of the same case or controversy.

11.     This Court has personal jurisdiction over the Defendants pursuant to 29 U.S.C. § 1132(e)(2) and service may be had on these Defendants pursuant to the same provision as well the Rule 4 of the Federal Rules of Civil Procedure.

12. The Secretary of the United States Department of Labor and the Secretary of the United States Department of the Treasury may be served by certified mail pursuant to 29 U.S.C. § 1132(h).

### VENUE

13. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because this is an action under ERISA in the district where at least one of the defendants resides, where the Plans are administered, and because both the Savings Plan and the Retirement Plan provide for venue in this Court.

### FACTUAL BACKGROUND

A. *The Savings Plan*

14. The Savings Plan provides benefits to certain employees and former employees of Kinder Morgan, Inc. and its affiliates. Marlin Collins was an employee of KMGP Services Company, Inc. and was a participant in the Savings Plan; he died on or about September 8, 2025 (the "*Deceased Participant*").

15. Pursuant to Section 1.8(a) of the Savings Plan, a participant may designate a beneficiary to receive benefits in the event of the participant's death. If the participant does not designate a beneficiary, then Section 1.8(c) of the Savings Plan provides that the participant's accrued benefits under the Savings Plan must be paid in the following order of priority to:

   a. The participant's surviving spouse;

   b. The participant's surviving children, in equal shares; or

   c. The participant's estate.

16. During his employment, the Deceased Participant completed a designation of beneficiary form identifying his spouse, April Collins, as the person to receive benefits under the Savings Plan at the time of his death.

17.     As of market close on March 6, 2026, the total account balance payable from the Savings Plan is $782,388.43 (the "*Savings Plan Accrued Benefit*"). This amount is subject to change due to market fluctuation based on the investment funds the Deceased Participant elected for his individual savings plan account.

18.     On or about September 12, 2025, the Savings Plan notified April Collins that the Accrued Benefit may be payable to her as the beneficiary of the Deceased Participant. April Collins has made a demand for payment of the Savings Plan Accrued Benefit.

B.      *The Retirement Plan*

19.     The Retirement Plan provides benefits to certain employees and former employees of Kinder Morgan, Inc. and its affiliates. Marlin Collins was an employee of KMGP Services Company, Inc. and was a participant in the Retirement Plan; he died on or about September 8, 2025 (the "*Deceased Participant*").

20.     Pursuant to Section 1.8 of the Retirement Plan, a participant may designate a beneficiary to receive benefits in the event of the participant's death. If the participant does not designate a beneficiary, then Section 1.8(d) of the Retirement Plan provides that the participant's accrued benefits under the Retirement Plan must be paid in the following order of priority to:

   a.   The participant's surviving spouse;

   b.   The participant's surviving children, in equal shares; or

   c.   The participant's estate.

21.     During his employment, the Deceased Participant completed a designation of beneficiary form identifying his spouse, April Collins, as the person to receive benefits under the Retirement Plan at the time of his death.

22.     As of March 6, 2026, the total account balance payable from the Retirement Plan is $230,583.01 (the "*Retirement Plan Accrued Benefit*"). This amount is subject to change due to market

fluctuation. Additionally, the Retirement Plan is a hybrid-defined benefit plan and the default form of payment of the Retirement Plan Accrued Benefit is an annuity. Accordingly, while the account balance payable is known, there is no known sum to interplead at this time.

23.     On or about September 12, 2025, the Retirement Plan notified April Collins that the Retirement Plan Accrued Benefit may be payable to her as the beneficiary of the Deceased Participant. April Collins has made a demand for payment of the Retirement Plan Accrued Benefit.

C.     *The Stock Incentive Plan*

24.     The Stock Incentive Plan provides stock-based awards benefits to certain employees and former employees of Kinder Morgan, Inc. and its affiliates. Marlin Collins was an employee of KMGP Services Company, Inc. and was a participant in the Stock Incentive Plan; he died on or about September 8, 2025 (the "*Deceased Participant*").

25.     Pursuant to Section 17(h) of the Stock Incentive Plan, a participant may designate a beneficiary to receive benefits in the event of the participant's death.

26.     During his employment, it is believed that the Deceased Participant completed a designation of beneficiary form identifying his spouse, April Collins, as the person to receive benefits under the Stock Incentive Plan at the time of his death.

27.     As of March 6, 2026, the Stock Incentive Plan held a balance of 10,065 shares of Kinder Morgan, Inc. stock (the "*Stock Incentive Plan Accrued Benefit*," and collectively with the Savings Plan Accrued Benefit and the Retirement Plan Accrued Benefit, the "*Accrued Benefits*"). The account balance of these shares is subject to change due to market fluctuation.

28.     Although it is unclear whether April Collins has made a demand for payment of the Stock Incentive Plan Accrued Benefit, which is maintained by E*Trade at the direction of the Plan Administrator, the Stock Incentive Plan reasonably anticipates that she will make such a

demand in the future if she has not already done so.

29.     Following the Deceased Participant's death, the designated beneficiary can choose to keep the shares, liquidate the shares, or move them to their own brokerage account. Accordingly, there is not a fixed sum to interplead at this time.

D.     *Defendants Assert Competing Claims to the Accrued Benefits*

30.     In October 2025, Defendants April Robertson, Amber Delbosque, and Kaitlin Collins filed an application to determine heirship and to determine whether there is a need for administration of Marlin Collins' estate in the Harris County Probate Court No. 4, Cause No. 539150, styled *In the Estate of Marlin Collins, Deceased* before the Honorable James Horwitz (the "*Application*"). In January 2026, Defendant April Collins filed a Response to Application for Probate of Will and Issuance of Letters Testamentary, Contest Concerning Suitability, and Motion for Sanctions (the "*Response*"). In the Response, April Collins opposed the Application on the ground that Marlin Collins did not reside in Harris County at the time of his death. She also denied allegations in the Application implying that she intentionally caused Marlin Collins' death.

31.     On or about November 7, 2025, the Plans received a letter from counsel for Defendants April Robertson, Amber Delbosque, and Kaitlin Collins regarding the Accrued Benefits and disputing any beneficiary designations naming April Collins. Defendants April Robertson, Amber Delbosque, and Kaitlin Collins claim that they are the children of the Deceased Participant and may be entitled to any benefits payable by the Plans as a result of his death if it is determined that Defendant April Collins caused his death.

32.     Both the Savings Plan and Retirement Plan provide the following:

If the Plan is confronted with conflicting claims concerning benefits under the Plan, the Committee may interplead the Claimants in an action at law, or in an arbitration conducted in accordance with the rules of the American Arbitration

Association, as the Committee shall elect in its sole discretion. In either case, the attorneys' fees, expenses and costs reasonably incurred by the Plan shall be paid from Plan assets.

Savings Plan Section 11.5(d); Retirement Plan Section 10.6(d).

33.     On or about February 12, 2026, Plaintiffs sent a letter to counsel for each Defendant acknowledging the competing claims and advising of Plaintiffs' intent to file this interpleader action to determine the rights of the parties asserting conflicting interests. On information and belief, E*Trade, which maintains the Stock Incentive Plan Accrued Benefit on behalf of the Plan Administrator, has also received a claim to that benefit and is awaiting confirmation from the Plan Administrator—and, ultimately, this Court—regarding the proper beneficiary.

34.     Therefore, Plaintiffs have placed a payment hold on the Accrued Benefits until a judicial determination can be made regarding the proper beneficiaries under the Plans.

## CAUSES OF ACTION

### A.     Interpleader

35.     Plaintiffs reiterate and adopt each and every statement in the foregoing paragraphs as if set forth fully here.

36.     As detailed above, the Defendants' claims are adverse and conflicting. By reason of the actual and/or potential claims of the Defendants, Plaintiffs are or may be exposed to double or multiple liability.

37.     Plaintiffs do not have any interest in the Savings Plan Accrued Benefit. Plaintiffs have, at all times, been willing to deliver the Savings Plan Accrued Benefit to the proper beneficiary under the Plans. However, in light of the competing claims to the Savings Plan Accrued Benefit, Plaintiffs seek to have the competing claims resolved by the Court so as to avoid double or multiple liability, multiple lawsuits and unnecessary costs. Plaintiffs seek resolution of the conflicting claims in good faith. As detailed herein, the Retirement Plan Accrued Benefit and

Stock Incentive Plan Accrued Benefit do not currently have fixed sums to interplead, and Plaintiffs are bringing a declaratory judgment action to determine the proper beneficiary under each of those plans.

38.     Therefore, Plaintiffs urge the Court to allow them to deposit the Savings Plan Accrued Benefit into the Court's registry. Further, Plaintiffs ask that the Court determine the distribution of the Savings Plan Accrued Benefit and Stock Incentive Plan Accrued Benefit among the Defendants, and that the funds be distributed in accordance with the Court's instructions.

39.     Pursuant to 28 U.S.C. § 2361, Plaintiffs ask the Court to order the Defendants to be restrained from instituting or prosecuting any proceeding in state or federal court affecting the benefits involved in this interpleader action, including the proceedings that some of the Defendants instituted in the Harris County Probate Court.

B.     **Declaratory Judgment**

40.     Plaintiffs reiterate and adopt each and every statement in the foregoing paragraphs as if set forth fully here.

41.     In addition to their claim for interpleader, Plaintiffs ask the Court to issue a declaratory judgment regarding the identity of the proper beneficiary under the Plans, who will be entitled to the full amount of the Accrued Benefits, including the Retirement Plan Accrued Benefit and the Stock Incentive Plan Accrued Benefit.

42.     Declaratory judgment is proper as the competing claims to the Accrued Benefits present an actual, justiciable controversy, which controversy will be resolved by the requested determination. *See* 28 U.S.C. § 2201 (creating the remedy of declaratory judgment for actual, justiciable controversies that are within the court's jurisdiction).

43.     A judgment declaring the proper beneficiary under the Plans will serve the useful purposes of clarifying and settling Defendants' competing claims to the Accrued Benefits, and

provide relief from the uncertainty presented by those competing claims.

## ATTORNEYS' FEES

44.     Plaintiffs reiterate and adopt each and every statement in the foregoing paragraphs as if set forth fully here.

45.     Because of the ongoing dispute among the Defendants concerning ownership of the Accrued Benefits, Plaintiffs have been required to retain the services of the law firm of Munsch Hardt Kopf & Harr, P.C. to represent it in this proceeding.

46.     Plaintiffs seek to recover their costs and reasonable attorneys' fees associated with bringing these claims for interpleader and, alternatively, declaratory judgment.

47.     The Court has discretion to award Plaintiffs their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1), which authorizes the award of fees and costs for claims asserted by ERISA plan fiduciaries. *See also Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983) ("It is well settled that a district court has discretion to award costs, including reasonable attorneys' fees, in interpleader actions.").

## RELIEF REQUESTED

Plaintiffs Kinder Morgan, Inc. Savings Plan, Kinder Morgan Retirement Plan A, and Plan Administrator of the 2021 Kinder Morgan, Inc. Amended and Restated Stock Incentive Plan respectfully pray for the following relief:

(a)     That Defendants April Collins, April Robertson, Amber Delbosque, and Kaitlin Collins be served with process and the court require them to answer this Complaint in Interpleader and Declaratory Judgment in the time and manner prescribed by law; and

(b)     That the Court order the Defendants to be restrained from instituting or prosecuting any proceeding in state or federal court affecting the benefits involved

in this interpleader action, including the proceedings that some of the Defendants instituted in Harris County Probate Court No. 4, that a judgment be entered granting Plaintiffs' claim for interpleader, releasing and discharging Plaintiffs with prejudice from any and all liability to Defendants arising from Marlin Collins' account with the Plans, awarding Plaintiffs their costs and reasonable and necessary attorneys' fees to be paid from the Savings Plan Accrued Benefit prior to its deposit into the registry of the Court, and granting any further relief, in law or in equity, to which Plaintiff may be justly entitled; and

(c)     That a judgment be entered declaring the proper beneficiary of the Accrued Benefits under the Plans, awarding Plaintiffs their reasonable and necessary attorneys' fees associated with bringing this action, and granting any further relief, in law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: _____

Sameer S. Karim
State Bar No. 24076476
Federal Bar No. 1179590
skarim@munsch.com
Pooneh Momeni
State Bar No.  24092123
Federal ID No.  2782789
pmomeni@munsch.com
700 Milam, Suite 800
Houston, Texas 77002
Tel:  (713) 222-1470
Fax: (713) 222-1475

**ATTORNEYS FOR PLAINTIFFS**